HENRY & CO. v. GIBSON & HELMER.

BILLS OF EXCEPTION.—Where the bill of exceptions fails to show that ap-
pellant objected to the ruling of the court in refusing to give instructions
asked by him, and fails to set out the instructions asked for by appellee,
but sets out the declarations of law made by the court, without showing
at whose instance they were made, the judgment will be affirmed.

*Appeal from   Pulaski   Circuit   Court.*

HON. JOHN WHYTOCK, Circuit Judge.

*Gallagher, Newton & Hempstead*, for appellant.

*B. S. Johnson*, for appellees.

McCLURE, C. J.

It appears from the record that one W. A. Powell became
the guest, or lodger, of Henry & Co., who were keepers of a
hotel, at the city of Little Rock.   During Powell's stay in the
city, his bill run up to sixty-five dollars, and he gave Henry &
Co., a draft on Gibson & Helmer, for the amount of his bill,
which was sent to them, at Louisville, and protested for non-
payment.

It also appears that Gibson & Helmer are dealers in, and
manufacturers of safes, and that Powell, during the time he
contracted the board-bill, was soliciting orders for the sale of
safes manufactured by the defendants.   After the protest of
the draft, drawn by Powell, on the defendants, Henry & Co.
commenced a suit by attachment against Gibson & Helmer, for
the board-bill of Powell, before a justice of the peace, and one
J. P. Jones, as debtor of the defendants, was garnisheed.   At
the hearing, before the justice of the peace, the appellants ob-
tained judgment against the defendants for $65 00 and costs,
and also against Jones, who was garnisheed.

From this judgment Gibson & Helmer appealed to the circuit

court of Pulaski county. At the hearing, in the circuit court, the cause was submitted to the court, sitting as a jury, and it found for the appellees. A motion for a new trial was made on the following grounds:

*First.* Because the verdict and finding of the judge, sitting as a jury, are contrary to the evidence.

*Second.* Because the verdict and findings of the judge, sitting as a jury, are contrary to law.

*Third.* Because the court refused to declare the law of the case, as asked for by the plaintiffs.

*Fourth.* Because the court found the law of the case, as asked for by the defendants.

The motion for a new trial was overruled. The bill of exceptions, in this case, sets out the evidence and the instructions asked by the appellants, but does not show that the appellants excepted to the refusal of the court to declare the law, as asked by the appellants. Nor is this the only defect. The declarations of law, asked by the appellants, are set out at length, but the declarations of law, asked by the defendants, are not set out in the bill of exceptions at all; nor does it appear that the appellants excepted to any declaration of law asked by the appellees. The bill of exceptions sets forth a declaration of law, made by the court; whether at the instance of the appellees or appellants, we are unable to determine; nor was there any exceptions made to the declaration made by the court.

The judgment is affirmed.